BETSY C. MANIFOLD (SBN 182450)
RACHELE R. BYRD (SBN 190634)
MARISA C. LIVESAY (SBN 223247)
BRITTANY N. DEJONG (SBN 258766)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHIVA STEIN,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON PRIVATE FINANCIAL HOLDINGS, INC., ANTHONY DECHELLIS, STEPHEN M. WATERS, MARK F. FURLONG, JOSEPH C. GUYAUX, DEBORAH F. KUENSTNER, GLORIA C. LARSON, KIMBERLY S. STEVENSON, LUIS A. UBINAS, LIZABETH H. ZLATKUS, and SVB FINANCIAL GROUP,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Shiva Stein ("Plaintiff"), by her attorneys, makes the following allegations against Boston Private Holdings, Inc. ("Boston Private" or the "Company") and the members of the board of directors of Boston Private (the "Board" or "Individual Defendants," along with Boston Private, collectively referred to as the "Defendants"), for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), SEC Rule 14a-9, 17 C.F.R. 240.14a-9, and Regulation G, 17 C.F.R. § 244.100 in connection with the proposed acquisition (the "Proposed Transaction") of Boston Private by SVB Financial Group ("SVB Financial"). The allegations in this complaint are based on the personal knowledge of Plaintiff as to herself and on information and belief (including the investigation of counsel and review of publicly available information) as to all other matters stated herein.

**INTRODUCTION**

1. This is an action brought by Plaintiff to enjoin a transaction whereby Boston Private will merge with and into SVB Financial with SVB Financial surviving the merger as the surviving corporation ("Proposed Transaction"). Pursuant to the Merger Agreement, Boston Private shareholders will receive $2.10 in cash and 0.0228 shares of SVB Financial common stock for each share of Boston Private common stock owned (the "Merger Consideration"). The Board has unanimously recommended to the Company's stockholders that they vote for the Proposed Transaction at the special meeting of the Boston Private shareholders.

2. To convince Boston Private stockholders to vote in favor of the Proposed Transaction, on February 11, 2021, the Board authorized the filing of a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") with the Securities and Exchange Commission ("SEC"). The Registration Statement violates Sections 14(a) and 20(a) of the Exchange Act by noncompliance with Regulation G and SEC Rule 14a-9 (17 C.F.R. § 244.100 and 17 C.F.R. § 240.14a-9, respectively).

3. Defendants have failed to disclose certain material information necessary for Boston Private stockholders to properly assess the fairness of the Proposed Transaction, thereby violating SEC rules and regulations and rendering certain statements in the Registration Statement materially incomplete and misleading.

4. In particular, the Registration Statement contains materially incomplete and misleading information concerning the financial forecasts for the Company prepared and relied upon by the Board in recommending to the Company's stockholders that they vote in favor of the Proposed Transaction. The same forecasts were used by Boston Private's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley") in conducting its valuation analyses in support of its fairness opinion. The Registration Statement also contains materially incomplete and misleading information concerning certain financial analyses performed by Morgan Stanley.

5. The material information that has been omitted from the Registration Statement must be disclosed prior to the forthcoming stockholder vote in order to allow the stockholders to make an informed decision regarding the Proposed Transaction.

6. For these reasons, and as set forth in detail herein, Plaintiff asserts claims against Defendants for violations of Sections 14(a) and 20(a) of the Exchange Act, based on Defendants' violations of Regulation G and Rule 14a-9. Plaintiff seeks to enjoin Defendants from holding the stockholders vote on the Proposed Transaction and taking any steps to consummate the Proposed Transaction unless, and until, all material information discussed below is disclosed to Boston Private stockholders sufficiently in advance of the vote on the Proposed Transaction or, in the event the Proposed Transaction is consummated without corrective disclosures, to recover damages resulting from Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act.

8. This Court has personal jurisdiction over each defendant named herein because each defendant is either a corporation that does sufficient business in California or an individual who has sufficient minimum contacts with California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

9. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because SVB Financial is headquartered in this District.

**PARTIES**

10. Plaintiff has owned the common stock of Boston Private since prior to the announcement of the Proposed Transaction herein complained of and continues to own this stock.

11. Boston Private is a corporation duly organized and existing under the laws of Massachusetts and maintains its principal offices in Boston, Massachusetts. Boston Private is, and at all relevant times hereto was, listed and traded on the NASDAQ Stock Exchange under the symbol "BPFH."

12. SVB Financial is a corporation duly organized and existing under the laws of Delaware and maintains its principal offices in Santa Clara, California. SVB Financial is, and at all relevant times hereto was, listed and traded on the NASDAQ Stock Exchange under the symbol "SIVB."

13. Defendant Anthony DeChellis has been a member of the Board since November 2018 and is the Chief Executive Officer and President of the Company.

14. Defendant Stephen M. Waters has been a member of the Board since 2004 and is the Chairman of the Board.

15. Defendant Mark F. Furlong has been a member of the Board since 2016.

16. Defendant Joseph C. Guyaux has been a member of the Board since 2016.

17. Defendant Deborah F. Kuenstner has been a member of the Board since 2007.

18. Defendant Gloria C. Larson has been a member of the Board since 2015.

19. Defendant Kimberly S. Stevenson has been a member of the Board since 2015.

20. Defendant Luis A. Ubiñas has been a member of the Board since 2017.

21. Defendant Lizabeth H. Zlatkus has been a member of the Board since 2015.

22. The Defendants referred to in paragraphs 13-21 are collectively referred to herein as the "Individual Defendants" and/or the "Board."

23. The Defendants referred to in paragraphs 11-21 are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

***The Proposed Transaction***

24. On January 4, 2021, SVB and Boston Private jointly announced that they had entered into the Agreement and Plan of Merger (the "Merger Agreement"):

> **SANTA CLARA, Calif. and BOSTON — JANUARY 4, 2021** — SVB Financial Group ("SVB") (NASDAQ: SIVB), the parent of Silicon Valley Bank, the bank of the world's most innovative companies and their investors, and Boston Private Financial Holdings, Inc. ("Boston Private")(NASDAQ: BPFH), the parent company of Boston Private Bank & Trust Company, a leading provider of integrated wealth management, trust and banking services to individuals, families, businesses and nonprofits, today announced that they have entered into a definitive merger agreement pursuant to which SVB will acquire Boston Private. Combined private bank and wealth management assets under management would be $17.7 billion, based on 9/30/20 figures.
>
> Under the terms of the merger agreement, Boston Private shareholders will receive 0.0228 shares of SVB common stock and $2.10 of cash for each Boston Private share they own, representing a total consideration value of approximately $900 million based on SVB's closing stock price of $387.83 on December 31, 2020.
>
> SVB's vision is to be the premier financial partner for the innovation economy, providing companies, entrepreneurs and their investors the services they need to succeed via four core businesses: commercial banking, investment banking, private banking and wealth management and fund management. The acquisition of Boston Private accelerates SVB's private bank and wealth management offering, strengthening SVB's overall platform and ability to fully meet the financial needs of its clients.
>
> "Our clients rely on us to help increase the probability of their success – both in their business and personal lives," said Greg Becker, President and CEO of SVB Financial Group. "Boston Private's experienced and well-regarded team, robust service offering, and advanced technology platform will significantly bolster our private bank and wealth management capabilities and enhance our ability to offer products and services tailored to the needs of founders, executives and investors."
>
> Boston Private provides a full spectrum of wealth, trust, and private banking services dedicated to helping clients simplify and strengthen their financial positions. With Boston Private's product suite and recently redesigned technology platform, SVB can expand its existing wealth management solutions, which include complex strategies to manage concentrated stock positions, to add tax planning, trust services, philanthropy and estate planning, while offering a significantly improved digital client experience. Boston Private's clients will benefit from greater access to investment opportunities and participation in the innovation

economy, as well as the power of SVB's large balance sheet to support their borrowing needs.

"Together, SVB and Boston Private will be well-positioned to grow and scale our business, leveraging SVB's deep client relationships and broad reach across the innovation economy to capture a greater share of the wealth management market," said Anthony DeChellis, CEO of Boston Private. "We look forward to working together to support our clients as they pursue the goals they have for their businesses, families and legacies."

SVB and Boston Private currently serve clients in complementary major metropolitan markets with an approach that has earned both firms industry-leading Net Promoter Scores.

**Timing and Approvals**

The transaction has been unanimously approved by both companies' Boards of Directors and is expected to close in mid-2021, subject to the satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of Boston Private.

**Advisors**

Goldman Sachs & Co. LLC acted as financial advisor to SVB in the transaction. Sullivan & Cromwell LLP served as legal counsel to SVB. Morgan Stanley & Co. LLC acted as financial advisor to Boston Private and Wachtell, Lipton, Rosen & Katz served as legal counsel.

* * *

***The Materially Misleading and Incomplete Solicitation Statement***

25. On February 11, 2021, Defendants caused the Registration Statement to be filed with the SEC in connection with the Proposed Transaction. The Registration Statement solicits the Company's shareholders to vote in favor of the Proposed Transaction. Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the

Exchange Act.

***Financial Forecasts***

26. The Registration Statement discloses tables for forecasts for Boston Private (the "Projections"). However, the Registration Statement fails to provide material information concerning these Projections, which were developed by the Company's management and relied upon by the Board in recommending that the shareholders vote in favor of the Proposed Transaction. These financial forecasts were also relied upon by Morgan Stanley in rendering its fairness opinion.

27. With respect to the Company Projections, the Registration Statement fails to provide: (i) Boston Private management's basis for instructing Morgan Stanley to use a 5% annual net income and risk-weighted asset growth rates and a 11% target CET1 ratio.

28. The Registration Statement also completely fails to disclose any prospective financial information for SVB. This information is material as Boston Private stockholders will own a percentage of the combined company, and was reviewed by Morgan Stanley as a basis for forming its fairness opinion.

***Financial Analyses***

29. With respect to Morgan Stanley's *Boston Private Public Trading Comparables Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for each company observed by Morgan Stanley in the analysis.

30. With respect to Morgan Stanley's *Boston Private Dividend Discount Analysis*, the Registration Statement fails to disclose: (i) the basis for management's instruction to use a 5.0% annual growth rate; (ii) the discounted present values of projected dividends on shares of Boston Private common stock for 2021 through 2025; (iii) the discounted present values of projected terminal value of Boston Private common stock as of December 31, 2025 ; (iv) the basis for using a range of terminal forward multiples of 11.0x to 13.0x; (v) the basis, inputs, and assumptions for applying discount rates ranging from 8.5% to 10.5%; (vii) the Company's net debt as of September 30, 2020; (viii) the basis, inputs, and assumptions for applying a 1.0% opportunity cost of cash.

31. With respect to Morgan Stanley's *Boston Private Analyst Price Targets Analysis*,

the Registration Statement fails to disclose: (i) the research analysts that prepared the future public market trading price targets for the Company common stock; (ii) the inputs and assumptions for applying a 9.5% discount rate.

32. With respect to Morgan Stanley's *SVB Financial Public Trading Comparables Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for each company observed by Morgan Stanley in the analysis.

33. With respect to Morgan Stanley's *SVB Financial Dividend Discount Analysis*, the Registration Statement fails to disclose: (i) the basis for management's instruction to use a 8.0% annual growth rate; (ii) the discounted present values of projected dividends on shares of SVB common stock for 2021 through 2025; (iii) the discounted present values of projected terminal value of SVB common stock as of December 31, 2025 ; (iv) the basis for using a range of terminal forward multiples of 14.0x to 22.0x; (v) the basis, inputs, and assumptions for applying discount rates ranging from 7.2% to 9.2%; (vii) the Company's net debt as of September 30, 2020; and (viii) the basis, inputs, and assumptions for applying a 1.0% opportunity cost of cash.

34. With respect to Morgan Stanley's *SVB Financial Analyst Price Targets Analysis*, the Registration Statement fails to disclose: (i) the research analysts that prepared the future public market trading price targets for the Company common stock; (ii) the inputs and assumptions for applying a 8.2% discount rate.

35. In sum, the Registration Statement independently violates Rule 14a-9, since the material omitted information renders certain statements, discussed above, materially incomplete and misleading. As the Registration Statement independently contravenes the SEC rules and regulations, Defendants violated Section 14(a) and Section 20(a) of the Exchange Act by filing the Registration Statement to garner votes in support of the Proposed Transaction from Boston Private shareholders.

36. Absent disclosure of the foregoing material information prior to the special shareholder meeting to vote on the Proposed Transaction, Plaintiff will not be able to make a fully informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**FIRST CAUSE OF ACTION**

**(Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder)**

37. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

38. SEC Rule 14a-9 prohibits the solicitation of shareholder votes in registration statements that contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading . . . ." 17 C.F.R. § 240.14a-9.

39. Defendants have issued the Registration Statement with the intention of soliciting shareholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement, which fails to provide critical information regarding, amongst other things, the financial forecasts for the Company.

40. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to shareholders although they could have done so without extraordinary effort.

41. The Individual Defendants knew or were negligent in not knowing that the Registration Statement is materially misleading and omits material facts that are necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

42. The Individual Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Registration Statement, rendering the sections of the Registration Statement identified above to be materially incomplete and misleading.

43. The Individual Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a registration statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. The Individual Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully as the Company's directors. Indeed, the Individual Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation of the Company's financial forecasts.

44. Boston Private is also deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Registration Statement.

45. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.

46. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**SECOND CAUSE OF ACTION**
**(Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act)**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Boston Private within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Boston Private, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing the Registration Statement.

51. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

54. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents,

employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until the Company discloses the material information discussed above which has been omitted from the Registration Statement;

B. In the event that the proposed transaction is consummated, rescinding it and setting it aside, or awarding rescissory damages;

C. Awarding compensatory damages against Defendants, individually and severally, in an amount to be determined at trial, together with pre-judgment and post-judgment interest at the maximum rate allowable by law, arising from the Proposed Transaction;

D. Awarding Plaintiff the costs and disbursements of this action and reasonable allowances for fees and expenses of Plaintiff's counsel and experts; and

E. Granting Plaintiff such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: February 17, 2021

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: *\/s/ Rachele R. Byrd*
RACHELE R. BYRD

BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

**Of Counsel:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLLP**

Gloria Kui Melwani
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
melwani@whafh.com

***Counsel for Plaintiff***

27049